# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **ROBIN KARNS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 4:12-CV-752-VEH |
| | ) |
| **DISABILITY REINSURANCE** | ) |
| **MANAGEMENT SERVICES, INC.,** | ) |
| **AMERICAN UNITED LIFE** | ) |
| **INSURANCE COMPANY,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

**I.    INTRODUCTION**

Plaintiff Robin Karns ("Plaintiff") originally filed this breach of contract action in the Circuit Court of Etowah County, Alabama, on February 2, 2012. (Doc. 1 ¶ 1; *id.* at Ex. A. at Compl. at 1). According to her complaint, Plaintiff claims that Defendants "wrongly terminated [her] long term disability benefits effective March 7, 2011." (Doc. 1 at Ex. A., Compl. ¶ 4). Because of Defendants' alleged breach of contract, including their bad faith in failing to properly investigate her claim, Plaintiff seeks to recover long-term disability insurance benefits in a lump sum payment equal to the present value of past and future benefits. (*Id.* ¶¶ 6, 11). Plaintiff identified

Defendant American United Life Insurance Company as the party that issued her contract for long-term disability insurance coverage (*id.* ¶ 1), and she alleged that Defendant Disability Reinsurance Management Services, Inc., served as the claims administrator of the insurance policy. (*Id.* ¶ 4).

Defendants jointly removed the litigation to federal court on March 12, 2012, asserting federal question jurisdiction under 28 U.S.C. §§ 1331 and 1441 as the basis for this court's jurisdiction. (Doc. 1 at 1). Namely, Defendants contended that this case is removable because Plaintiff has asserted claims that arise under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* On March 30, 2012, Plaintiff timely filed a Motion To Remand. (Doc. 7).[1] Defendants filed their joint opposition to the Motion on April 13, 2012. (Doc. 8). Plaintiff elected not to file a reply. The Motion To Remand is now under submission and, for the reasons explained below, it is due to be **DENIED**.

## II.  STANDARDS

### A.  Subject Matter Jurisdiction Generally

"It is by now axiomatic that the inferior courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United

---

[1] Plaintiff's position, as stated in her state court complaint, is that "[t]his case is not preempted by ERISA." (Doc. 1 at Ex. A. at Compl. ¶ 5).

2

States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). "Accordingly, '[w]hen a federal court acts outside its statutory subject-matter jurisdiction, it violates the fundamental constitutional precept of limited federal power.'" *Univ. of S. Ala.*, 168 F.3d at 409 (quoting *Victory Carriers, Inc. v. Law*, 404 U.S. 202, 212, 92 S. Ct. 418, 425, 30 L. Ed. 2d 383 (1971)). "Simply put, once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala.*, 168 F.3d at 410.

"A necessary corollary to the concept that a federal court is powerless to act without jurisdiction is the equally unremarkable principle that a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id.* "Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* (citing *Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (per curiam)).

Moreover, "[t]he jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties. Otherwise, a party could 'work a wrongful extension of federal jurisdiction and give district courts power the

Congress denied them.'" *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1000-01 (11th Cir. 1982) (quoting *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 18 (1951)) (footnote omitted) (citation omitted). Furthermore, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *Univ. of S. Ala.*, 168 F.3d at 411 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)).

Lastly, Congress has decreed and the Supreme Court has confirmed that—with the express exception of civil rights cases that have been removed—orders of remand by district courts based upon certain grounds, including in particular those premised upon lack of subject matter jurisdiction, are entirely insulated from review. More specifically, § 1447(d) provides:

> An order remanding a case to the State court from which it was removed <u>is not reviewable on appeal or otherwise</u>, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.

28 U.S.C. § 1447(d) (emphasis added); *see also Kirchner v. Putnam Funds Trust*, 547 U.S. 633, 642 (2006) (recognizing that "'[w]here the [remand] order is based on one of the grounds enumerated in 28 U.S.C. § 1447(c), review is unavailable no matter how plain the legal error in ordering the remand'") (citing *Briscoe v. Bell*, 432 U.S. 404, 413 n.13 (1977)); Milton I. Shadur, *Traps for the Unwary in Removal and*

4

*Remand*, 33 no. 3 Litigation 43 (2007); *Powerex Corp. v. Reliant Energy Servs., Inc.*, 127 S. Ct. 2411, 2418 (2007) (holding that when "the District Court relied upon a ground that is colorably characterized as subject-matter jurisdiction, appellate review is barred by § 1447(d)").

### B. Defendants' Burden on Removal

The burden of establishing subject matter jurisdiction for the purposes of removal to this court is on the removing defendant(s). *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) ("Because this case was originally filed in state court and removed to federal court by Best Buy, Best Buy bears the burden of proving that federal jurisdiction exists."). "The court should determine its jurisdiction over the case 'based upon the plaintiff's pleadings at the time of removal.'" *Fowler v. Provident Life & Accident Ins. Co.*, 256 F. Supp. 2d 1243, 1246 (N.D. Ala. 2003).

"[B]ecause the jurisdiction of federal courts is limited, the Eleventh Circuit Court of Appeals favors remand of cases that have been removed where federal jurisdiction is not absolutely clear." *Lowe's OK'd Used Cars, Inc. v. Acceptance Ins. Co.*, 995 F. Supp. 1388, 1389 (M.D. Ala. 1998) (citing *Burns v. Windsor*, 31 F.3d 1092, 1095 (11th Cir. 1994)). "In fact, removal statutes are to be strictly construed, with all doubts resolved in favor of remand." *Lowe's*, 995 F. Supp. at 1389 (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)).

**III.   ANALYSIS**

As stated above, Defendants premise their removal exclusively upon this court's federal question jurisdiction.

> Under the federal question jurisdiction statute, 28 U.S.C. § 1331, a district court has subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Whether a claim arises under federal law for purposes of 28 U.S.C. § 1331 is generally determined by the well-pleaded complaint rule, "which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). A well-pleaded complaint presents a federal question where it "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-28, 103 S. Ct. 2840, 2856, 77 L. Ed. 2d 420 (1983).

*Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir. 2001). "It is the general rule that an action may be removed from state court to federal court only if a federal district court would have original jurisdiction over the claim in suit." *Jefferson County v. Acker*, 527 U.S. 423, 430 (1999) (citing 28 U.S.C. § 1441(a)).

Although the "vast majority" of federal question cases contain a federal law that creates the plaintiff's cause of action, *see Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986), federal question jurisdiction is not limited to those cases. There are some situations in which, even though the federal law does not

*create* the cause of action, the case depends on the resolution of a federal question sufficiently substantial to "arise under" federal law. *See Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 27-28 (1983); *see also Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921) (explaining that federal jurisdiction exists when the right to relief "depends upon the construction or application" of federal law and the claim "is not merely colorable"). Thus, to sustain federal question jurisdiction in this case, Defendant must plausibly demonstrate either (1) the existence of a federal law that potentially creates a cause of action for Plaintiff based on the allegations of Plaintiff's complaint (as amended), or (2) that disposition of the case, as alleged by Plaintiff, in her complaint, depends on the resolution of a substantial federal question.

Here, Defendants contend that federal question jurisdiction exists because Plaintiff's state law claims are completely preempted by ERISA. The court agrees. Complete preemption occurs when "the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal' claim for purposes of the well-pleaded complaint rule." *Smith v. GTE Corp.*, 236 F.3d 1292, 1311 (11th Cir. 2001) (citations omitted). The Labor Management Relations Act ("LMRA") and the Employee Retirement Income Security Act ("ERISA") are the only two federal statutes as to which the United States

Supreme Court has expressly found the doctrine of complete preemption to apply. *Id.* As observed by the Eleventh Circuit:

> "[A]lthough the Supreme Court recognizes the existence of the complete preemption doctrine, the Court does so hesitatingly and displays no enthusiasm to extend the doctrine into areas of law beyond the LMRA and ERISA." *Id.* at 856. Similarly, this Court has yet to find complete preemption outside the context of the LMRA and ERISA. *Id.*

*Smith*, 236 F.3d at 1311 (quoting *BLAB T.V. of Mobile, Inc. v. Comcast Cable Communications, Inc.*, 182 F.3d 851, 855 (11th Cir. 1999)).

There are "two different kinds of ERISA preemption." *Butero v. Royal Maccabees Life Insurance Co.*, 174 F.3d 1207, 1211 (11th Cir. 1999); *see also, e.g., Hardy v. Welch*, 135 F. Supp. 2d 1171, 1178 (M.D. Ala. 2000) ("Preemption based on ERISA may take one of two forms."). The first form of ERISA preemption, known as "complete preemption" (sometimes called "superpreemption") "arises from Congress's creation of a comprehensive remedial scheme in 29 U.S.C. § 1132 for loss or denial of employee benefits." *Butero*, 174 F.3d at 1211. The fundamental principle is that, "[w]hen Congress comprehensively occupies a field of law, 'any civil complaint raising this select group of claims is necessarily federal in character' and thus furnishes subject-matter jurisdiction under 28 U.S.C. § 1331." *Id*. at 1211-1212 (quoting *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 63-64 (1987)). In complete preemption cases, state law claims are not dismissed, but are

"recharacterize[d] . . . into a federal claim under § 1132." *Ervast v. Flexible Products Co.*, 346 F.3d 1007, 1014 (11th Cir. 2003) (emphasis in original). The doctrine is, thus, a jurisdictional one. *Id.* ("The issue of complete preemption is jurisdictional; meaning, if the claims are not completely preempted, they are not properly removed and must be remanded to state court.").

The other form of ERISA preemption is referred to as "defensive preemption." *See*, *e.g.*, *Cotton v. Massachusetts Mutual Life Insurance Co.*, 402 F.3d 1267, 1281 (11th Cir. 2005); *Butero*, 174 F.3d at 1212. Defensive preemption is derived from ERISA's explicit preemption provision, 29 U.S.C. § 1144(a). *Cotton*, 402 F.3d at 1281. Section 1144(a) states that ERISA provisions "shall supercede any and all State laws insofar as they may now or hereafter *relate to* any [ERISA-governed] employee benefit plan."[2]  29 U.S.C. § 1144(a) (emphasis supplied). The effect of defensive preemption is to "provide[] . . . an affirmative defense to certain state-law claims." *Hardy*, 135 F. Supp. 2d at 1178. As such, "defensive preemption does not furnish federal subject-matter jurisdiction under 28 U.S.C. § 1331 . . . . On the other hand, defensive preemption *does require dismissal of state-law claims*." *Butero*, 174

---

[2] The Eleventh Circuit has announced that "[a] party's state law claim 'relates to' an ERISA benefit plan for purposes of ERISA preemption <u>whenever the alleged conduct at issue is intertwined with the refusal to pay benefits</u>." *Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1997) (emphasis supplied).

F.3d at 1212 (emphasis supplied). *See also Ervast*, 346 F.3d at 1014 ("The defensive preemption issue . . . is substantive; therefore, either in state or federal court, when a state law claim is brought, the defendant may raise the defense that the claims are preempted by ERISA under § 1144, and should be dismissed."). Of course, if defensive preemption applies and state law claims are dismissed, claims asserted under ERISA itself may remain a part of the lawsuit.

Here, Defendants raise only the doctrine of complete preemption (*see* Notice of Removal, Doc. 1 ¶ 6), and the court agrees that it applies; therefore, the court need not reach the issue of defensive preemption. Turning to the question of whether Plaintiff's claims are subject to the doctrine of "complete," or "superpreemption,"

> here's the rule: ERISA superpreemption exists only when the 'plaintiff is seeking relief that is available under 29 U.S.C. § 1132(a).' *Whitt*, 147 F.3d at 1330. Regardless of the merits of the plaintiff's actual claims (recast as ERISA claims), relief is available, and there is complete preemption, when four elements are satisfied. **First**, there must be a relevant ERISA plan. *See id.*; *Kemp v. International Business Machs. Corp.*, 109 F.3d 708, 713 (11th Cir. 1997). **Second**, the plaintiff must have standing to sue under that plan. *See Engelhardt v. Paul Revere Life Ins. Co.*, 139 F.3d 1346, 1350 n. 3 (11th Cir. 1998). **Third**, the defendant must be an ERISA entity. *See id.*; *Franklin v. QHG of Gadsden, Inc.*, 127 F.3d 1024, 1029 (11th Cir. 1997); *see also Morstein v. National Ins. Servs., Inc.*, 93 F.3d 715, 722 (11th Cir. 1996) (*en banc*) (no preemption at all-not even defensive preemption-when the defendant is 'a non-ERISA entity' and the claims do not 'affect relations among principal ERISA entities as such'). **Finally**, the complaint must seek compensatory relief akin to that available under § 1132(a); often this will be a claim for benefits due under a plan. *See Engelhardt*, 139 F.3d

at 1354; *Franklin*, 127 F.3d at 1029.

*Butero*, 174 F.3d at 1212 (boldface emphasis supplied); *see also Hicks v. Am. United Life Ins. Co.*, Civil Action No. 5:10-cv-1401-CLS, Doc. 26 (N.D. Ala. Jan. 19, 2011) (Smith, J.) (applying the four-part *Butero* analysis); *Geren v. Omni Transport Sys., Ala., LLC*, Case No. 4:09-cv-1928-VEH, Doc. 7 (N.D. Ala. Nov. 17, 2009) (same); *Abston v. The Murfee Grp.*, Civil Action No. 06-00482-KD-B, Doc. 31 (S.D. Ala. Dec. 11, 2006) (same); *Tidwell v. Coldwater Covers, Inc.*, 393 F. Supp. 2d 1257 (N.D. Ala. Feb. 7, 2005) (same); *but cf.* Doc. 1 at 4 (applying the two-step test *Davila* test presented in *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 2009 U.S. App. LEXIS 28773, at *9 (11th Cir. Dec. 30, 2009) (citing *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004)).[3]

Applying the four-part *Butero* analysis to the facts of this case, the court finds that Defendants have satisfactorily established each element.  In their Notice of Removal, Defendants alleged facts demonstrating that the insurance policy Plaintiff referenced in her complaint was governed by ERISA and attached a copy of the

---

[3] Even though Defendants apply a different two-step analysis to evaluate the issue of whether complete preemption applies, the court is persuaded for the reasons stated in its *Geren* opinion that the four-part *Butero* analysis is the correct analytical framework to apply.  *See Geren*, Case No. 4:09-cv-1928-VEH, Doc. 7 at 20 ("The Court finds that . . . the four *Butero* elements embody the correct analytical framework that a court must apply when determining the issue of complete preemption.").  In any event, the analyses are similar enough for the court to reach the same conclusion using *Butero*'s four-part analysis rather than Defendants' two-step test.  (*See generally* Doc. 1 at 4).

relevant policy as Exhibit B. Defendants also pointed the court to several opinions of other district judges in Alabama who have evaluated the same employee organization—the Alabama Education Association ("AEA") —and concluded that it is governed by ERISA; therefore, those judges found that complete preemption applied in the context of analyzing disability benefits claims in similar policies.[4] (Doc. 1 at 6) (citing *Hicks v. Am. United Life Ins. Co., et al.*, Civil Action No. 5:10-cv-1401-CLS, Doc. 26 (N.D. Ala. Jan. 19, 2011) ("In short, the disability benefits plan at issue does not fall within the regulatory safe harbor provision and the AEA is an 'employee organization' for the purposes of ERISA. Accordingly, the plan is governed by ERISA."); *Abston v. The Murfee Group, et al.,* Civil Action No. 06-482, KD-B (S.D. Ala. Dec. 11, 2006) ("The question becomes, is the [AEA] an 'employee organization' such that the Plaintiff's plan is properly governed by ERISA? . . .[T]he answer to that question is a resounding yes.").

Further, there is no apparent issue with Plaintiff's standing to sue. Defendants alleged that "the parties' sole relationship is premised on their respective roles as Plan Participant and Claims Administrator and Insurer of the Plan" (doc. 1 ¶ 16), and

---

[4] Although the opinions of other district court judges, even in the Northern District of Alabama, are not binding on this court, they can be persuasive. *See, e.g.*, *Fishman & Tobin, Inc. v. Tropical Shipping & Const. Co., Ltd.*, 240 F.3d 956, 965 (11th Cir. 2001) ("[T]he district court cannot be said to be bound by a decision of one of its brother or sister judges" although such decisions may be persuasive).

Plaintiff failed to address and/or refute this uncontroverted allegation. Therefore, as to the first, second, and third elements, the court finds that Defendants have met their burden of demonstrating that there is a relevant ERISA plan in place, that Plaintiff has standing to sue under that plan, and that Defendants are entities governed by ERISA. *See Butero*, 174 F.3d at 1212. As to the final element, the court concludes that Plaintiff's complaint in this case seeks compensatory relief akin to that available under § 1132(a) of ERISA—namely, claims to recover long-term disability benefits under the plan and to recover for alleged bad faith in the administration of the plan. *Compare* (Doc. 1 at Ex. A, Complt. at Count I, Count II), *with* 29 U.S.C. § 1132(a)(1)(B) (empowering civil litigants to bring an action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan"); *id.* § 1132(a)(1)(A) (empowering civil litigants to bring an action "for the relief provided in subsection (c) of this section," which includes relief for an "[a]dministrator's refusal to supply requested information"). Therefore, complete preemption applies to both of Plaintiff's purported state law claims.

The court's conclusion is consistent with one of the undersigned's previous opinions that assessed a complaint containing similar claims to the Plaintiff's complaint in this case, wherein the court determined that the claims were completely

preempted by ERISA. *See Langley v. Life Ins. Co. of N. Am.*, Case No. 2:06-cv-786-VEH, Doc. 10 (N.D. Ala. June 29, 2006). In *Langley*, the court reasoned as follows:

> ERISA Section 514(a)[, 29 U.S.C. § 1144(a),] provides that it preempts, "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." Plaintiff's complaint is based upon the existence of an employee benefit plan. Plaintiff's state law claims are for breach of contract (failure to pay benefits), "bad faith" denial of benefits, and "failure to investigate or determine whether Plaintiff has become disabled as defined in the policy."
>
> A claim for contractual denial of benefits under an employee benefit plan is clearly a claim "related to" such benefits. Therefore, such claim is preempted by ERISA. That is, Plaintiff's claim for benefits arises under ERISA and not under state law.
>
>> "Alabama's tort of bad faith refusal to pay is not saved from preemption by ERISA's saving clause….We have held on more than one occasion, in precedent binding on this Circuit that the saving clause does not apply to this tort." *Gilbert v. Alta Health & Life Ins. Co.*, 276 F.3d 1292, 1299 (11th Cir.2001). *See also, Walker v. S. Co. Servs. Inc.*, 279 F.3d 1289, 1294 (11th Cir.2002); *Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207, 1215 (11th Cir. 1999); *Amos v. Blue Cross-Blue Shield of Ala.*, 868 F.2d 430 (11th Cir.1989); *Belasco v. W.K.P. Wilson & Sons, Inc.*, 833 F.2d 277, 281 (11th Cir.1987). Consequently, bad faith tort claims are also preempted by ERISA."
>
> *Revells v. Metropolitan Life Ins. Co.*, 261 F. Supp. 2d 1359, 1366 (M.D. Ala. 2003).

*Langley,* 2:06-cv-786-VEH*,* Doc. 10 at 4–5.

Similar to *Langley*, Plaintiff's complaint in the instant case is based upon the existence of an employee benefit plan. Likewise, Plaintiff's Alabama state law claims are for breach of contract (failure to pay benefits), "bad faith" denial of benefits, and "fail[ure] to properly investigate the claim or to subject the results of the investigation to a cognitive evaluation and review prior to terminating benefits and prior to refusing to reinstate benefits." (*See generally* Doc. 1 at Ex. A, Compl.). Therefore, Plaintiff's claims—like the claims in *Langley*—are subject to complete ERISA preemption.[5]

Plaintiff's only argument for remand is that "Plaintiff's claim does not arise under ERISA because Plaintiff is a public school teacher." (Doc. 7 at 1). Plaintiff also conclusorily argues that "[t]his claim is not preempted by ERISA." (*Id.*; *see also* Doc. 1 at Ex. A, Compl. ¶ 5). Finally, Plaintiff conclusorily argues that Defendants have not sustained their burden of proof to establish that ERISA preemption justifies removal. (Doc. 7 at 1, 4). As noted above, Plaintiff elected not to reply to the Defendants' response in opposition to her motion to remand.

Contrary to Plaintiff's conclusory argument that Defendants have not sustained

---

[5] Consistent with the court's findings in this opinion concerning ERISA preemption, the court will separately address Defendants' Motion To Dismiss Plaintiff's State Law Claims, Claims for Punitive and Extracontractual Damages, and To Strike Demand for Jury Pursuant to ERISA. (Doc. 5).

15

their removal burden, Defendants sufficiently alleged that the insurance policy referenced by Plaintiff in her complaint was issued to the AEA to insure the long-term disability component of the AEA Plan. (Doc. 1 at 5). Defendants provided a copy of the Group Long-Term Disability Policy No. VDIE (the "policy") at Exhibit B to their notice of removal. (Doc. 1, Ex. B). Notably, Plaintiff has not contested the validity of the policy documents supplied by Defendants.

As to Plaintiff's argument concerning her status as a public school teacher, this court finds Judge Lynwood Smith's opinion in *Hicks* particularly instructive, and persuasive. The plaintiff in *Hicks* had been employed by the Cullman County Board of Education as a teacher at Parkside Elementary School prior to her disability benefits lawsuit. *Hicks*, 5:10-cv-1401-CLS, Doc. 26 at 2.

> During that time, she was also a member of the Alabama Education Association ("AEA"), an organization with over 104,000 members, which consist of teachers, retired teachers, and education support personnel. As a teacher and member of the AEA, plaintiff was eligible for certain benefits. She alleges that defendant Collateral Benefits, acting as an agent on behalf of the other defendants, contacted her about procuring a disability insurance policy. She purchased a policy that was issued by defendant American United, managed by defendant DRMS, and strongly endorsed by the AEA.

*Id.* Judge Smith reviewed the disability benefits plan at issue and found that it did not fall within ERISA's regulatory safe harbor provision and, additionally, that the AEA was considered an "employee organization" for ERISA purposes. *Id.* at 20.

Accordingly, he found that the policy at issue was governed by ERISA, and as such, the defendants in that case had met their burden of establishing federal subject matter jurisdiction for the purposes of removal. *Id.* Accordingly, the plaintiff's motion to remand was denied. *Id.*

Likewise, the court finds based on the similar facts of this case, Defendants have persuasively presented their position that the policy at issue in this benefits denial case is subject to ERISA preemption.[6] By contrast, Plaintiff has provided no support—in law or in fact—supporting her conclusory argument that this case is not preempted by ERISA because she worked as a public school teacher. Judge Smith's opinion in *Hicks* proves that working as a public school teacher in Alabama does not necessarily defeat ERISA preemption. In sum, Defendants have met their burden of establishing federal subject matter jurisdiction for the purposes of removal, and Plaintiff's motion to remand is due to be denied.

## IV. CONCLUSION

As determined above, Plaintiff's Motion To Remand is due to be, and is hereby, **DENIED**.

---

[6] Significantly, the court also notes that Defendants' well-supported arguments based on *Hicks* go completely unrebutted by Plaintiff.

**DONE** and **ORDERED** this the 19th day of July, 2012.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge