FILED
2012 Jul-19  PM 03:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| **ROBIN KARNS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No.: 4:12-CV-752-VEH** |
| ) | |
| **DISABILITY REINSURANCE** ) | |
| **MANAGEMENT SERVICES, INC.,** ) | |
| **AMERICAN UNITED LIFE** ) | |
| **INSURANCE COMPANY,** ) | |
| ) | |
| **Defendants.** ) | |

---

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants' Motion To Dismiss Plaintiff's State Law Claims, Claims for Punitive and Extracontractual Damages, and To Strike Demand for Jury Pursuant to ERISA (the "Motion To Dismiss"). (Doc. 5). The time allotted for a response pursuant to the court's Uniform Initial Order (Doc. 6, App. III) has expired and Plaintiff has not responded. Therefore, the Motion To Dismiss is now under submission and ripe for the court's decision.

## I.   PROCEDURAL BACKGROUND

Plaintiff Robin Karns ("Plaintiff") originally filed this breach of contract action in the Circuit Court of Etowah County, Alabama, on February 2, 2012. (Doc. 1 ¶ 1;

*id.* at Ex. A. at Compl. at 1).  According to her complaint, Plaintiff claims that Defendants "wrongly terminated [her] long term disability benefits effective March 7, 2011." (Doc. 1 at Ex. A. at Compl. ¶ 4).  Because of Defendants' alleged breach of contract, including their bad faith in failing to properly investigate her claim, Plaintiff seeks to recover long-term disability insurance benefits in a lump sum payment equal to the present value of past and future benefits.  (*Id.* ¶¶ 6, 11). Plaintiff identified Defendant American United Life Insurance Company as the party that issued her contract for long-term disability insurance coverage (*id.* ¶ 1), and she alleged that Defendant Disability Reinsurance Management Services, Inc., served as the claims administrator of the insurance policy.  (*Id.* ¶ 4).

Defendants jointly removed the litigation to federal court on March 12, 2012, asserting federal question jurisdiction under 28 U.S.C. §§ 1331 and 1441 as the basis for this court's jurisdiction.  (Doc. 1 at 1).  Namely, Defendants contended that this case is removable because Plaintiff has asserted claims that arise under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*  On March 30, 2012, Plaintiff filed a Motion To Remand, asserting that her claims do not arise under ERISA.  (Doc. 7).  Concluding that Plaintiff's state law claims are completely preempted by ERISA, and thus, federal jurisdiction properly existed to support removal, the court denied the Motion To Remand in its Memorandum

Opinion and Order entered contemporaneously on this date.

In their Motion To Dismiss, Defendants ask the court to dismiss Plaintiff's state law claims, including related claims for extracontractual and punitive damages, and to strike Plaintiff's jury demand, because such claims are preempted by ERISA. For good cause shown, and for the reasons explained below, the Motion To Dismiss is due to be **GRANTED**.

## II.   MOTION TO DISMISS STANDARD

A Rule 12(b)(6) motion attacks the legal sufficiency of the complaint. *See* Fed. R. Civ. P. 12(b)(6).  The Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated by Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *see also* Fed. R. Civ. P. 8(a).

While a plaintiff must provide the grounds of his entitlement to relief, Rule 8 does not mandate the inclusion of "detailed factual allegations" within a complaint. *Twombly*, 550 U.S. at 545 (quoting *Conley*, 355 U.S. at 47).  However at the same time, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent

with the allegations in the complaint." *Twombly*, 550 U.S. at 563.

"[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 129 S. Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine *whether they plausibly give rise to an entitlement to relief*." *Id.* (emphasis added). The court therefore "accept[s] as true the facts set forth in the complaint and draw[s] all reasonable inferences in the plaintiff's favor." *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010). "Under *Twombly*'s construction of Rule 8 . . . [a plaintiff's] complaint [must] 'nudge[] [any] claims' . . . 'across the line from conceivable to plausible.' *Ibid.*" *Iqbal*, 129 S. Ct. at 1950-51.

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Thus, "[a] district court considering a motion to dismiss shall begin by

identifying conclusory allegations that are not entitled to an assumption of truth ---

legal conclusions must be supported by factual allegations. The district court should

assume, on a case-by-case basis, that well pleaded factual allegations are true, and

then determine whether they plausibly give rise to an entitlement to relief." *Randall*,

610 F.3d at 709 -710.

## III.   ANALYSIS

### A.   Complete Preemption of State Law Claims

Defendants first ask that the court "dismiss Plaintiff's state law claims of

breach of contract and bad faith (Count Two) and require Plaintiff to amend Count

I of her Complaint to assert an ERISA cause of action." (Doc. 5 at 8).  As explained

in the court's Memorandum Opinion entered this date, "[i]f a state law claim is

completely preempted [by an Act of Congress], courts are required to *recharacterize*

the claim as one arising under federal law for purposes of determining removal

jurisdiction." *Engelhardt v. Paul Revere Life Ins. Co.*, 139 F.3d 1346, 1353 (11th Cir.

1998) (emphasis added).  It is well settled that Congress, through ERISA, has

accomplished "complete preemption" of a plaintiff's state law claims where relief is

available under 29 U.S.C. § 1132(a).  *Engelhardt*, 139 F.3d at 1353 (citing *Kemp*, 109

F.3d at 712); *see also* 29 U.S.C. § 1144(a) (stating explicitly that ERISA's provisions

"shall supersede any and all State laws insofar as they may now or hereafter relate to

any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title").

Because the court concluded in its contemporaneous opinion denying Plaintiff's remand motion that both of Plaintiff's claims in her two-count complaint are completely preempted by ERISA, her state law claims must be converted to ERISA claims. *Engelhardt*, 139 F.3d at 1353; *accord Ervast v. Flexible Products Co.*, 346 F.3d 1007, 1014 (11th Cir. 2003) ("Super preemption . . . *recharacterizes* the state law claim into a federal claim under [42 U.S.C.] § 1132. . . ." (emphasis in original)); *Hicks v. Am. United Life Ins. Co.*, Civil Action No. 5:10-cv-1401-CLS, Doc. 26 at 23 (N.D. Ala. Jan. 19, 2011) (Smith, J.) (requiring recharacterization of state law claims into ERISA claims in the context of complete preemption). Therefore, Defendants' Motion To Dismiss is due to be granted to the extent that Plaintiff will be required to recharacterize her state law claims into ERISA claims. Consistent with Judge Smith's approach in *Hicks*, the court will grant leave for plaintiff to "replead her complaint as one sounding in ERISA." *Hicks*, No. 5:10-cv-1401-CLS, Doc. 26 at 25. Accordingly, Plaintiff must file her amended complaint, recasting her claims as claims sounding in ERISA, no later than **twenty-one (21) days** from the date of this order. Defendants must file their respective answers within **ten (10) days** of Plaintiff's filing of her amended complaint.

6

### B.   Punitive Damages Not Permitted

Second, Defendants ask the court to "dismiss Plaintiff's request for punitive damages."  (Doc. 5 at 8).  This request is due to be granted because claims for punitive damages are barred under ERISA.  *Godfrey v. BellSouth Telecommc'ns, Inc.*, 89 F.3d 755, 761 (11th Cir. 1996) ("In *Bishop v. Osborn Transportation, Inc.*, 838 F.2d 1173 (11th Cir. 1998) . . . this Court held that ERISA . . . do[es] not provide for extra-contractual or punitive damages."); *see also Hicks*, No. 5:10-cv-1401-CLS, Doc. 26 at 23 ("Plaintiff's claims for extracontractual damages and punitive damages are due to be dismissed because such damages are not recoverable under ERISA." (citing cases)); *Langley v. Life Ins. Co. of N. Am.*, Case No. 2:06-cv-786-VEH, Doc. 10 at 5 (N.D. Ala. June 29, 2006) (dismissing plaintiff's claim for punitive damages because they are "barred under ERISA," citing *Godfrey*).

### C.   No Right to Jury Trial

Similarly, there is no right to a jury trial in an ERISA case.  *Stewart v. KHD Deutz of Am. Corp.*, 75 F.3d 1522, 1527 (11th Cir. 1996); *see also Hicks*, No. 5:10-cv-1401-CLS, Doc. 26 at 24 ("[T]he Eleventh Circuit has routinely held that plaintiffs are not entitled to a jury trial pursuant to the provisions of ERISA." (citing cases)); *Langley*, No. 2:06-cv-786-VEH, Doc. 10 at 3–4 ("There is no right to a jury trial in an ERISA case.  Therefore, LINA's motion is due to be, and hereby is, GRANTED

insofar as it seeks to have Plaintiff's jury demand struck." (citing *Stewart*)).

Therefore, Defendants' third request to strike Plaintiff's demand for a jury trial (*see*

Doc. 5 at 8) is due to be granted.

## IV.    CONCLUSION

In conclusion, Defendants' Motion To Dismiss is due to be, and is hereby,

**GRANTED** in full, as set out above.

**DONE** and **ORDERED** this the 19th day of July, 2012.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

8